[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
Julia R. Bates, prosecuting attorney, and Eric A. Baum, Jr., for appellee.
Martin P. Dow, for appellant
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied a motion to suppress filed by appellant, Louis A. Robbins, who then pled no contest to two counts of an indictment. Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF A SEARCH WARRANT, WHERE THE EVIDENCE SEIZED WAS NOT STATED IN THE WARRANT, NOR WAS IT IN PLAIN VIEW AND APPARENT THAT A CRIME HAD BEEN COMMITTED."
The following facts are relevant to this appeal. On February 14, 1997, appellant was indicted on one count of retaining stolen property in violation of R.C. 2913.51, one count of having a weapon while under a disability in violation of R.C.2923.13(A)(3), and one count of possession of an unauthorized device in violation of R.C. 2913.041(A). Appellant filed a motion to suppress on May 15, 1997. The motion was denied by the trial court at a hearing held on May 22, 1997. On June 20, 1997, appellant pled no contest to the count of having a weapon while under a disability, in violation of R.C. 2923.13(A)(3), and the count of possession of an unauthorized device, in violation of R.C. 2913.041(A). He was sentenced to three years of community service; the trial court also imposed a fine of $200, random urinalysis and the costs of prosecution. Appellant filed a timely notice of appeal.
In his assignment of error, appellant contends that the trial court erred in denying his motion to suppress as to the evidence obtained in regard to the cable system converter. Appellant further argues that because the cable box was not on the search warrant, it was improperly seized. This court finds no merit in this assignment of error.
A trial court assumes the role of the trier of fact and, therefore, is in the best position to resolve factual questions and evaluate the credibility of a witness when considering a motion to suppress. State v. Mills (1992), 62 Ohio St.3d 357,366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592,594. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v.Klein (1991), 73 Ohio App.3d 486, 488.
In State v. Halczyszak (1986), 25 Ohio St.3d 301, paragraphs three and four of the syllabus, the Ohio Supreme Court held:
 "3. The `immediately apparent' requirement of the `plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity.
 "4. In ascertaining the required probable cause to satisfy the `immediately apparent' requirement, police officers may rely on their specialized knowledge, training and experience * * *."
At the hearing on appellant's motion to suppress, the police officer who executed the search warrant testified. This officer testified that the police were notified by the local cable television company several years ago that illegal cable boxes were being distributed. This officer further testified that the police were instructed that if a silver flexible, adhesive tape seal, approximately an inch and a half wide by an inch to two in length, on the back of a cable service box is tampered with, broken or removed, then premium cable television channels can be received illegally. He testified that when he arrived at appellant's residence, he observed a large-screen television. The officer testified that he then looked at the back of the cable service box and observed that the seal on the cable service box in appellant's residence had been removed. He verified that premium cable channels were being received by changing the channels. The officer further testified that while executing search warrants, he has recovered hundreds of cable service boxes with seals that had been tampered with or removed. He removed the cable service box from appellant's residence and logged it on the inventory. The cable service company conducted an investigation and verified that the cable service box had been altered.
Upon consideration of the above cited law and the facts of this case, this court concludes that the officer executing the search warrant, relying upon his knowledge, training and experience in regard to illegally altered cable service boxes, satisfied the requirements of the "plain view" doctrine set forth in State v. Halczyszak (1986), 25 Ohio St.3d 301. Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.